UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JENNIFER GUERRERO,

                        Plaintiff,                                  **REPORT AND**
     v.                                                     **RECOMMENDATION**

CONSTELLATION HEALTH SERVICES, LLC,        2:22-cv-07736 (OEM) (LGD)
CONSTELLATION HOME CARE, LLC (CT),
CONSTELLATION HOME CARE, LLC (NY),
and NICOLE STURTZ,
                        Defendants.
-----------------------------------------------------------X
**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is Plaintiff Jennifer Guerrero's ("Plaintiff's") motion to amend her Complaint (the "Motion") at Electronic Case File Number ("ECF No.") 39. Plaintiff seeks to add retaliation claims pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). *See generally*, *Id*. Defendants Constellation Health Services, LLC, Constellation Home Care, LLC (CT), Constellation Home Care, LLC (NY), and Nicole Sturtz ("Defendants") oppose the Motion. ECF No. 40. For the reasons set forth below, the undersigned recommends that the Court DENY Plaintiff's Motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On December 19, 2022, Plaintiff filed her initial Complaint in the instant action. ECF No. 1. Plaintiff alleges that Defendants violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"); the Pregnancy Discrimination Act of l978 ("PDA"), 42 U.S.C. § 2000 et seq.; and the New York State's Human Rights Law, and NYS Exec. Law § 296, et seq. *Id.* ¶ 1.

According to the Complaint, Plaintiff worked as a registered nurse for Defendant Constellation Home Care LLC (NY) in Syosset, New York for approximately five months from April 12, 2021 to August 26, 2021. *Id.* ¶ 20. Shortly after starting her employment, Plaintiff learned she was pregnant, and apprised Defendant Nicole Sturtz, who was her supervisor at the time. *Id.* ¶¶ 21-24. Over the next few months, Plaintiff claims that she was denied requests for time off due to her pregnancy and "believed that Defendants' refusal to make accommodations was discriminatory in that Defendant was retaliating against Plaintiff not disclosing she was pregnant at hiring or for requesting accommodations related to her disability and pregnancy status." *Id.* ¶¶ 26-40.

On August 25, 2021, Plaintiff's doctor informed her that "she should stop working in her current role" due to her high-risk pregnancy. *Id.* ¶ 41. The next day, Plaintiff informed Defendant Sturtz by email that her doctor recommended she cease working until she gave birth and "specifically ask[ed] for assistance filing for short-term disability and FMLA. She also requested the paperwork she needed to file for both." *Id.* ¶ 42. Plaintiff claims that "approximately 8 minutes after that email was sent," Defendant Sturtz called Plaintiff and informed her that she was not eligible for FMLA leave and that Sturtz interpreted "[Plaintiff's] request for help, guidance, and accommodation as a letter of resignation [and] Defendant Sturtz told Plaintiff that Defendants would not be willing to hold her position for her." *Id.* ¶¶ 43-45. Defendant Sturtz then purportedly told Plaintiff to "drop off her employee badge and supplies the next week," that they were "we are parting on good terms," and Plaintiff should "feel free to reapply for a position with the company after you've had your child." *Id.* ¶ 47. Plaintiff admits that she was not eligible for FMLA leave. *See* ECF No. 39-1 at 5 ("Defendants terminated her

2

employment minutes after her request, *correctly stating that she was ineligible for FMLA leave*.") (emphasis added).

On December 6. 2021, Plaintiff gave birth to her son and filed for unemployment six weeks later. *Id.* ¶¶ 56-58. She did not seek reemployment with Defendants and now asserts that "Defendants wrongfully terminated [her], the motivating factors for the termination were [her] disability, pregnancy, retaliation for [her] non-disclosure of her pregnancy status upon hiring, and retaliation for requesting accommodations for her disability." *Id.* ¶ 62.

After filing the Complaint, Plaintiff filed her first motion to amend the Complaint to add FMLA retaliation claims on March 24, 2023. ECF No. 19. On April 7, 2023, Defendants filed their opposition to that motion. ECF No. 21. On May 1, 2023, the undersigned held an initial conference with the parties, where they indicated that they wished to participate in a settlement conference with the undersigned on August 22, 2023. ECF No. 26. The Court also ordered the parties to make supplemental submissions addressing "caselaw from SDNY or EDNY since *Arroyo-Horne v. City of NY*, 831 Fed. Appx 539, 539 (2d Cir. 2020) concerning the potential FMLA retaliation claim in [ECF No.] 19." *Id.*; *see also* ECF Nos. 27 & 28. On August 2, 2023, in light of the scheduled settlement conference, the undersigned administratively terminated the pending motion to amend in order to "substantively address all filings together." Aug. 2, 2023 Order. After conducting an unsuccessful settlement conference with the parties, the undersigned subsequently granted in part and denied in part Plaintiff's letter motion to amend, allowing Plaintiff to refile a formal motion to amend with full briefing. Aug. 22, 2023 Order.

On November 3, 2023, Plaintiff filed a formal first motion to amend to add FMLA retaliation claims. ECF No. 33. On November 7, 2023, Judge Orelia E. Merchant referred the motion to amend to the undersigned for a Report and Recommendation. Nov. 7, 2023 Order.

Subsequently, the undersigned denied the motion without prejudice for failure to abide by the undersigned's earlier September 11, 2023 Order limiting Plaintiff's anticipated motion to amend to "no more than 10 pages." *See* Dec. 18, 2023 Order ("Plaintiff's excessive motion is a blatant attempt to skirt the Court's 10-page limitation for memoranda of law and will not be considered."). Additionally, Plaintiff was directed to file a new motion by January 15, 2024, in compliance with the 10-page limit, addressing:

> (1) the Second Circuit's decision in *Arroyo-Horne v. City of New York*, 831 Fed. Appx. 536 (2d Cir. 2020) and subsequent district court decisions in this Circuit addressing the threshold question of whether an employee must be eligible under the Family Medical Leave Act ("FMLA") to pursue a FMLA retaliation claim (as Plaintiff here seeks to do in the Proposed Amended Complaint (DE 33-2)), and (2) whether the undersigned has discretion to ignore the holding in *Arroyo* (as requested by Plaintiff).

*Id.* On January 12, 2024, Plaintiff filed the instant Motion. ECF No. 39. On January 19, 2024, Defendants filed their opposition. ECF No. 40.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(2) governs amendments to complaints after the period to amend as of right has expired but before the date set in a scheduling order after which no amendment will be permitted.[1] *See Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Rule 15(a)(2) states, in relevant part, that a party may amend its pleading with leave of the Court and that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

---

[1] The undersigned notes that Plaintiff's Motion was timely made before expiration of the deadline to amend. Although the initial deadline to amend the pleadings was set for September 30, 2023 (*see* Sept. 11, 2023 Order), the undersigned eventually extended that deadline to January 15, 2024. *See* Dec. 18, 2023 Order. Plaintiff's Motion was filed on January 12, 2024, and is therefore timely. ECF No. 39.

Leave to amend, however, may be denied based on the futility of the proposed amendment. *See Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) ("Leave to amend may be denied if the proposed amendment would be futile."). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (internal quotations and citation omitted). "The opposing party [] bears the burden of establishing that an amendment would be futile." *Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 571 (E.D.N.Y. 2019). Absent the non-movant making one of these showings, "the leave sought should, as the rules require, be freely given." *Chan v. City of New York*, No. 19-CV-7239, 2021 WL 6502292, at *3 (E.D.N.Y. Dec. 29, 2021)

### III. DISCUSSION

Here, the parties dispute whether the proposed FMLA retaliation claims would be futile pursuant to Rule 12(b)(6). *See generally*, ECF Nos. 39 & 40. The disagreement hinges on one issue, namely, whether Plaintiff's FMLA retaliation claims are viable even though she was not eligible for FMLA leave because she only worked for Defendants for approximately five months. The undersigned finds that the persuasive cases in the Second Circuit universally make clear that the answer to that question is "no." The undersigned thus recommends that the Court decline to stray from these cases and deny the Motion.

"The FMLA gives *eligible* employees an entitlement to twelve workweeks per year of unpaid leave because of a serious health condition that makes the employee unable to perform the functions of the position . . . and generally permits the employee to return to the position [s]he held before the leave or its equivalent." *Arroyo-Horne*, 831 F. App'x at 538–39 (citing *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006)) (internal quotations omitted)

(emphasis in original).  To be eligible for "FMLA leave, an employee must have been employed for at least twelve months by the employer from whom she is requesting leave, and she must have worked at least 1,250 hours with that employer in the twelve months prior to the beginning of her medical leave."  *Id.* at 539 (citing 29 U.S.C. § 2611(2)(A)).  Crucially, Plaintiff concedes she was *ineligible* for FMLA leave at the time of her initial request, given that she had only been employed by Defendants for about five months.  *See* ECF No. 39-1 at 5 ("Defendants terminated her employment minutes after her request, *correctly stating that she was ineligible for FMLA leave*.") (emphasis added).

The issue, then, is whether Plaintiff's claim for FMLA retaliation is viable despite Plaintiff's admitted ineligibility for leave.  The Second Circuit has announced a clear answer to this question: "[T]o prevail on a claim of interference with her FMLA rights, a plaintiff must establish . . . that she is an eligible employee under the FMLA . . . [and] that she was entitled to take leave under the FMLA."  *Arroyo-Horne*, 831 Fed. Appx. at 539 (internal citations and quotations omitted).  Numerous district courts understand this plain language to reject FMLA retaliation claims where employees are not eligible for FMLA leave.  *See, e.g.*, *Williams v. Soc. Sec. Admin.*, No. 1:23-CV-2348, 2024 WL 325335, at *3 (S.D.N.Y. Jan. 29, 2024) ("As to claims of interference and retaliation under the FMLA, a plaintiff must allege that she is an eligible employee."); *Rodriguez v. Hogar, Inc.*, No. 1:23-CV-7558, 2024 WL 86285, at *4 (S.D.N.Y. Jan. 3, 2024) (same); *Harris v. N.Y.C. Human Resources Administration*, 2022 WL 3100663, at *18 (S.D.N.Y. Aug. 4, 2022) (finding plaintiff failed to "allege that she worked 1,250 hours in the twelve months before requesting medical leave . . . . and therefore fails to state an FMLA claim.") (citing *Arroyo-Horne*, 831 Fed. Appx. at 539); *Wallace v. City of New York, Department of Education*, 2021 WL 6127386, at *9-13 (S.D.N.Y. Dec. 28, 2021) (same); *Wells*

6

*v. Achievement Network*, 2021 WL 810220, at *14 (S.D.N.Y. Mar. 2, 2021) (same); *see also Anderson v. NYC Health & Hosps.*, No. 18CV3056, 2019 WL 1765221, at *3 (E.D.N.Y. Apr. 22, 2019) (Cogan, J.) (holding, a year before *Arroyo-Horne*, that "to state a claim for interference or retaliation under the FMLA, plaintiff must show that she was eligible for FMLA benefits"). Plaintiff cites to no cases in this Circuit before or since *Arroyo-Horne* which reach a different conclusion. *See* ECF No. 39-1 at 11-12.

Plaintiff advances two arguments in the face of this overwhelming precedent. First, Plaintiff asserts that the Second Circuit in *Arrroyo-Horne* "never writes that entitlement to take FMLA leave is a threshold requirement to maintain a plaintiff's retaliation claim. Instead, the court writes that '[a] threshold issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections . . .'" ECF No. 39-1 at 9 (citing *Arroyo-Horne*, 831 Fed. Appx. at 539). Essentially, Plaintiff argues that FMLA protects rights other than the right to take leave, and if Plaintiff is eligible to exercise one of those rights, she can still proceed with a *retaliation* claim. *See* ECF No. 39-1 at 9-11 ("FMLA includes a multitude of rights besides the taking of leave . . . Further, the plain language of *Arroyo-Horne*. . . requires eligibility to take FMLA leave as an element in a prima face case for an FMLA *interference*, but only confirms the requirement of an exercise of rights protected under the statute in a prima facie case of FMLA *retaliation*.") (emphases added). According to Plaintiff, if ineligible employees cannot sue for retaliation, employers might be free to retaliate against employees first and determine if they were eligible under FMLA later, eroding the goals of the statute. *See* ECF No. 31-3 at 4 ("To allow the employer to terminate a troubled but ineligible employee who has just announced their vulnerability offends notions of fairness and runs counter to the stated goals of the FMLA.")

The undersigned finds Plaintiff's argument unconvincing in the instant case. Here, Plaintiff was not attempting to exercise some other right under FMLA – she was attempting to access her right to FMLA *leave* – for which she is ineligible (as conceded by Plaintiff). *See* ECF No. 39-1 at 5. The plain text of *Arroyo-Horne* forecloses the possibility that an employee can be retaliated against for a right she did not possess. *See infra* at 4-5. Moreover, the goals of FMLA are not undermined by the termination of employees who are excluded by its own text. *See* 29 U.S.C. § 2611(2)(A) ("The term 'eligible employee' means an employee who has been employed--**(i)** for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and **(ii)** for at least 1,250 hours of service with such employer during the previous 12-month period.") (bold in original). Thus, Plaintiff's first argument is unavailing.

Given the clear text of *Arroyo-Horne* and the many district court decisions in this Circuit, Plaintiff asserts that "the Court is still not bound [] to *Arroyo-Horne* [as it is] a summary order . . [and in] the Second Circuit[] '[r]ulings by summary order do not have precedential effect.'" ECF No. 39-1 at 13 (quoting 2d Cir. R. 32.1.1(a)). Even though Plaintiff may be technically correct that the Court is not bound by *Arroyo-Horne* (*see In re Hain Celestial Grp. Inc. Sec. Litig.*, No. 216CV04581, 2022 WL 18859055, at *18 n.14 (E.D.N.Y. Nov. 4, 2022) ("Rulings by summary order do not have precedential effect.") (quoting 2d Cir. R. 32.1.1(a)), *report and recommendation adopted*, No. 16-CV-4581, 2023 WL 6360345 (E.D.N.Y. Sept. 29, 2023)), the undersigned finds no reason to depart from the persuasive reasoning in *Arroyo-Horne* and subsequent cases. The robust consensus of legal authority in this Circuit establishes that eligibility for FMLA leave is a prerequisite to bring a FMLA retaliation claim. *See infra* at 5-6. Departing from the consensus in this Circuit would require an exceedingly persuasive rationale,

8

which Plaintiff has not presented. Seeing no reason to ignore *Arroyo-Horne* and the district courts following it, the undersigned recommends that the Court follow the overwhelming case law in this Circuit and find that Plaintiff's proposed FMLA retaliation claims are futile.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion be DENIED WITH PREJUDICE insofar as Plaintiff seeks to add FMLA retaliation claims. *See Apuzza v. NYU Langone Long Island*, No. 222CV7519, 2023 WL 9022790, at *9 (E.D.N.Y. Dec. 29, 2023) (denying leave to amend with prejudice where Plaintiff could not "could possibly state a cognizable claim for relief, [and] granting leave to amend would be unproductive.") (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)).

## V.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Merchant. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED:

Dated: Central Islip, New York
       March 1, 2024

s/ Lee G. Dunst
_____
**LEE G. DUNST**
United States Magistrate Judge