UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JENNIFER GUERRERO,

                Plaintiff,

       -against-

CONSTELLATION HEALTH SERVICES, LLC,
CONSTELLATION HOME CARE, LLC (CT),
CONSTELLATION HOME CARE, LLC (NY),
and NICOLE STURTZ,

                Defendants.
------------------------------------------------------------------------x

**MEMORANDUM & ORDER**
2:22-cv-7736 (OEM) (LGD)

**ORELIA E. MERCHANT, United States District Judge:**

       Jennifer Guerrero ("Plaintiff") commenced this action against defendants Constellation Health Services, LLC, Constellation Home Care, LLC (CT), Constellation Home Care, LLC (NY), and Nicole Sturtz ("Defendants") on December 19, 2022, *inter alia*, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII"); the Pregnancy Discrimination Act of l978 ("PDA"), 42 U.S.C. § 2000, *et seq*.; and the New York State Human Rights Law. *See generally* Complaint ("Compl.") ¶ 1, ECF 1.  Plaintiff subsequently moved to amend her Complaint to add a retaliation claim pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.  ECF 39.  Defendants opposed the motion.  ECF 40.

       Pending before the Court is Magistrate Judge Dunst's March 1, 2024, Report and Recommendation ("R&R"), ECF 42, recommending that Plaintiff's motion to amend be denied with prejudice on the basis that any amendment would be futile under the law.  Plaintiff timely filed objections to the R&R, *see* Plaintiff's Objections to R&R ("Pl's Objs."), ECF 44, and Defendants filed opposition.  *See* Defendants' Opposition to Objections ("Defs' Opp."), ECF 45.

1

For the follow reasons, the R&R is **ADOPTED** in its entirety, and Plaintiff's leave to amend is **DENIED**.

## BACKGROUND

The Court assumes the parties' familiarity with the factual background of this case which is thoroughly set forth in the R&R. Thus, the Court only recites the facts as necessary to resolve Plaintiff's objections to the R&R.

According to the Complaint, Plaintiff worked as a registered nurse for Defendant Constellation Home Care LLC (NY) in Syosset, New York for approximately five months from April 12, 2021 to August 26, 2021. Compl. ¶ 20. Shortly after starting her employment, Plaintiff learned she was pregnant, and apprised Defendant Nicole Sturtz, who was her supervisor at the time. *Id.* ¶¶ 21-24. On August 26, 2021, Plaintiff informed Defendant Sturtz by email that her doctor recommended she cease working until she gave birth and "specifically ask[ed] for assistance filing for short-term disability and FMLA. She also requested the paperwork she needed to file for both." *Id.* ¶ 42. Plaintiff claims that "approximately 8 minutes after that email was sent," Defendant Sturtz called Plaintiff and informed her that she was not eligible for FMLA leave, and interpreting "[Plaintiff's] request for help, guidance, and accommodation as a letter of resignation[,] Defendant Sturtz told Plaintiff that Defendants would not be willing to hold her position for her." *Id.* ¶¶ 43-45. Given that Plaintiff had only been employed by Defendants for about five months, Plaintiff herself conceded she was ineligible FMLA leave at the time of her initial request. Compl. ¶ 9 (alleging plaintiff was employed between "April 12, 2021, until August 26, 2021"); *see* R&R at 6.

**LEGAL STANDARD**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). In reviewing a report & recommendation, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017); *see also Impala v. U.S. Dep't of Justice*, 670 F. App;x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To obtain *de novo* review, an objecting party "must point out the specific portions of the [R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). Pursuant to Federal Rule of Civil Procedure 72(b)(2), such objections must be served and filed "[w]ithin 14 days after being served with a copy of the recommended disposition." *See also* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

As an initial matter, Plaintiff's Objections fail to cite to "specific portions" of the R&R that it finds objectionable. *Sleepy's*, 222 F. Supp. 3d 174; *see* 28 U.S.C.A. § 636 ("A judge of the court shall make a de novo determination of *those portions of the report* or *specified proposed* findings

3

or *recommendations* to which objection is made." (emphasis added)). Instead, Plaintiff's Objections rehashes all the same arguments previously made to Judge Dunst – and rejected by him – and raises a new argument not previously addressed to Judge Dunst. *Compare generally* Pl's Memorandum in Support of Amending Compl., ECF 39-l, *with* Pl's Objections; *see* Pl's Objections at 1 (proposing a new question presented on appeal).[1]

"[T]he Second Circuit has suggested that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge." *Grp. One Ltd. v. Gmbh*, 625 F. Supp. 3d 28, 52 (E.D.N.Y. 2022) (citing *Mario v. P & C Food Mkts*., 313 F.3d 758, 766 (2d Cir. 2002)); *accord Corey Franzini, v. Bissell Home Care, Inc.*, No. 23-CV-02985 (JMA) (LGD), 2024 WL 3755297, at *4 (E.D.N.Y. Aug. 12, 2024). Thus, "a report [and recommendation] should be reviewed only for clear error when a party simply reiterates his original arguments." *United States ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings*, 551 F. Supp. 3d 27, 31 (E.D.N.Y. 2021) (internal quotation marks omitted); s*ee N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." (internal quotation marks omitted)).

---

[1] Plaintiffs new argument that "[e]ligibility cannot be the requirement for both [FMLA] causes of action, as the caselaw consistently uses different language for the initial elements of FMLA interference and retaliation," Pl's Objs. at 8, is raised for the first time. "In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Zhao v. State University of New York*, 04-CV- 0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (quoting *Illis v. Artus,* No. 06 Civ. 3077, 2009 WL 2730870, at *2 (E.D.N.Y. Aug. 28, 2009)) (internal quotation marks omitted); *see also U.S. Bank Nat. Ass'n v. 2150 Joshua's Path, LLC*, 13-CV-1598 SJF, 2014 WL 4542950, at *2 (E.D.N.Y. Sept. 10, 2014) ("A district court will generally not consider arguments that were not raised before the magistrate judge."). Consequently, the Court will not consider this argument raised in the first instance in Plaintiff's objections.

The Court finds no clear error in the R&R's reasoning and conclusion. Judge Dunst correctly identified the proper law and applied it to the facts at hand to come to the only reasonable conclusion: Plaintiff's ineligibility under the FMLA renders the addition of any retaliation claim under the FMLA futile. *See* R&R at 5-9. Accordingly, Judge Dunst properly recommended that leave to amend be denied. *Id.* at 9; *see Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile," and a proposed amendment "is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").

Moreover, out of an abundance of caution, the Court has conducted a *de novo re*view of the full record and applicable law and finds no error. The FMLA allows employees to assert claims sounding in both interference and retaliation. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 430 (2d Cir. 2016). Here, Plaintiff seeks to add a FMLA retaliation claim. However, the Second Circuit has already squarely held, albeit in a summary order, that "a threshold issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections." *Arroyo-Horne v. City of New York*, 831 F. App'x 536, 539 (2d Cir. 2020) (citing *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 430 (2d Cir. 2016) and *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam)) (summary order). "In order to be eligible for FMLA benefits, an employee must have been employed for at least twelve months with an employer and have worked at least 1,250 hours in the twelve months preceding the date on which eligibility is determined." *Woodford v. Cmty. Action of Greene Cnty., Inc.*, 268 F.3d 51, 54 (2d Cir. 2001) (citing 29 U.S.C. § 2611(2)(A)). A fact that no party objects to – nor could they given Plaintiff's own pleadings and admissions – is that Plaintiff did not work for Defendants for at least twelve months. *See* Proposed Amended Complaint ¶ 9, ECF 33-2

5

(alleging Plaintiff was employed from April 12, 2021 until her termination on August 26, 2021). Therefore, Plaintiff is ineligible for FMLA leave, and consequently, Plaintiff cannot maintain a FMLA retaliation claim.

As addressed in the R&R, the fact that *Arroyo* was decided by issuance of a summary order does not alter the soundness of its reasoning, which is clearly rooted in established and published Second Circuit precedent. Indeed, summary orders offer "valuable appellate guidance", and district courts are not "free to rule differently in similar cases." *U.S. v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010). Moreover, countless courts both in this District and throughout the Circuit, relying on *Arroyo*, have come the same conclusion that employees may not maintain retaliation or interference claims under the FMLA if they fail to allege they are FMLA eligible employees in the first instance. *See, e.g.*, *DeLeon v. Teamsters Loc. 802, LLC*, No. 20-CV-24 (RRM) (PK), 2021 WL 1193191, at *14 (E.D.N.Y. Mar. 29, 2021) (citing *Arroyo* and finding employee not eligible); *Luna v. NYC Taxi & Limousine Comm'n*, 21-CV-1408 (DG)(PK), 2022 WL 20319227, at *22 (E.D.N.Y. Sept. 7, 2022) (same); *Wells v. Achievement Network*, No. 18 CIV. 6588 (KPF), 2021 WL 810220, at *12 (S.D.N.Y. Mar. 2, 2021) (same); *Crawford v. Bronx Cmty. Coll.*, 22-CV-1062 (PGG) (SLC), 2023 WL 11862082, at *14 (S.D.N.Y. July 19, 2023) (same); *Blumstein-Torrella v. New York City Dep't of Educ.*, 19-CV-3492 (ALC), 2023 WL 5097873, at *4 (S.D.N.Y. Aug. 9, 2023) (same). The Court finds no reason to diverge from this well settled understanding of the extent of the FMLA's protections. Accordingly, the Court finds Plaintiff's Objections without merit and adopts the R&R in its entirety.

## CONCLUSION

Plaintiff's Objections to the R&R are **OVERRULED**, and Magistrate Judge Dunst's Report and Recommendation is **ADOPTED** in its entirety. Accordingly, Plaintiff's motion for leave to amend the complaint to add an FMLA retaliation claim is **DENIED**.

**SO ORDERED**.

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated:      August 27, 2024
            Brooklyn, New York