**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER GUERRERO,<br>　　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>CONSTELLATION HOME CARE, LLC (NY),<br>CONSTELLATION HEALTH SERVICES, LLC,<br>CONSTELLATION HOME CARE, LLC (CT),<br>And NICOLE STURTZ, individually,<br>　　　　　　　　　　　　　Defendants. | Case No: 2:22-cv-07736 (OEM) (LGD)<br><br><br>JOINT PRETRIAL ORDER |

**A. CAPTION**

JENNIFER GUERRERO, Plaintiff,

-against-

CONSTELLATION HOME CARE, LLC (NY),
CONSTELLATION HEALTH SERVICES, LLC,
CONSTELLATION HOME CARE, LLC (CT),
And NICOLE STURTZ, individually, Defendants.
Case No: 2:22-cv-07736 (OEM) (LGD)

**B. PARTIES AND COUNSEL**

**For Plaintiff Jennifer Guerrero:**
Geoffrey Kalender
Geoffrey Kalender, P.C.
447 Broadway, 2nd Floor
New York, New York 10013
gk@employmentlawgk.com
(929) 489-0636

**For Defendants Constellation Home Care, LLC (NY), Constellation Health Services, LLC, Constellation Home Care, LLC (CT), and Nicole Sturtz:**
Ruth Bogatyrow Kraft, Esq.
Steven Berlowitz, Esq.
Falcon Rappaport & Berkman LLP
265 Sunrise Highway, STE 50
Rockville Centre, NY 11570
rkraft@frblaw.com
sberlowitz@frblaw.com
(516) 599-0888

## C. JURISDICTION

1. **Plaintiff's Statement:** This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over state law claims under the New York State Human Rights Law, New York Executive Law § 296 et seq. Plaintiff received a Right to Sue letter from the EEOC dated September 21, 2022 and this lawsuit was filed within ninety (90) days of Plaintiff's receipt of the Right to Sue letter.

**Defendants' Statement:** none.

## D. CLAIMS AND DEFENSES

Claims Remaining for Trial

Plaintiff's Claims:

Summary of Guerrero's claims

I. FIRST CAUSE OF ACTION: Disability Discrimination Under the ADA and Failure to Accommodate

Statute: Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

Claim Summary: Plaintiff Jennifer Guerrero alleges that defendants discriminated against her because of her disability (high-risk pregnancy complications) by terminating her employment when she needed accommodations. She claims she was a qualified individual with a disability that substantially limited her ability to engage in the major life activities of standing, walking, driving, weight bearing, climbing, bending, lifting over 10 lbs., carrying over 10 lbs., squatting/kneeling, reaching above her shoulder, reaching below her shoulders, and a record thereof, who suffered an adverse employment action (termination) due to her disability. Guerrero alleges that defendants failed to provide reasonable accommodations for her disability (high-risk

pregnancy) and failed to engage in the required interactive process to determine appropriate accommodations.

**Defendants' Defenses to Plaintiff's First Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Defendants had legitimate, non-discriminatory reasons for Denying Plaintiff's Request**. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

- **Plaintiff is not Disabled within the meaning of the ADA**: Plaintiff's pregnancy and related medical condition of pelvic pain is not a disability under the ADA.

- **Plaintiff Cannot Identify an Accommodation that Would have Enabled her to Work.** Plaintiff only ever requested indefinite leave from work, and concedes she never asked for any accommodation that would have enabled her to perform her essential job functions.

II. SECOND CAUSE OF ACTION: Sex/Pregnancy Discrimination Under Title VII and PDA

Statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k)

Claim Summary: Guerrero alleges that defendants discriminated against her based on her sex/pregnancy by terminating her employment because of her pregnancy. Defendants terminated her employment based on complications from her pregnancy, which constitutes sex discrimination under Title VII and the PDA.

**Defendants' Defenses to Plaintiff's Second Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Defendants had legitimate, non-discriminatory reasons for Denying Plaintiff's Request**. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

III. THIRD CAUSE OF ACTION: Disability Discrimination and Failure to Accommodate Under the NYSHRL

Statute: New York State Human Rights Law, N.Y. Executive Law § 296 et seq.

Claim Summary: Guerrero brings parallel state law claims alleging disability discrimination under New York law. She claims she was a qualified individual with a disability that substantially limited her ability to engage in the major life activities of standing, walking, driving, weight bearing, climbing, bending, lifting over 10 lbs., carrying over 10 lbs., squatting/kneeling, reaching above her shoulder, reaching below her shoulders, and a record thereof, who suffered an adverse employment action (termination) due to her disability. Guerrero alleges that defendants failed to provide reasonable accommodations for her disability (high-risk pregnancy) and failed to engage in the required interactive process to determine appropriate accommodations. The NYSHRL prohibits unlawful discriminatory employment practices based on disability or a record thereof. Defendants violated the NYSHRL by discriminating against her, not initiating an interactive process, not accommodating her disability, and terminating her employment based on her disability.

**Defendants' Defenses to Plaintiff's Third Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Defendants had legitimate, non-discriminatory reasons for Denying Plaintiff's Request**. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable

accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

IV. FOURTH CAUSE OF ACTION: Sex/Pregnancy Discrimination

Statute: New York State Human Rights Law, N.Y. Executive Law § 296

Claim Summary: Guerrero brings parallel state law claims alleging sex/pregnancy discrimination under New York law. The NYSHRL prohibits unlawful discriminatory employment practices based on sex, which includes pregnancy and medical conditions relating to pregnancy. She alleges Defendants terminated her employment because of her pregnancy, violating the NYSHRL's prohibition on sex discrimination.

**Defendants' Defenses to Plaintiff's Fourth Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Defendants had legitimate, non-discriminatory reasons for Denying Plaintiff's Request**. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

V. FIFTH CAUSE OF ACTION: Retaliation Under the ADA

Statute: Americans with Disabilities Act, 42 U.S.C. § 12203

Claim Summary: Guerrero alleges that defendants retaliated against her for opposing discriminatory practices and requesting accommodations under the ADA. Defendants terminated her employment in retaliation for her protected activity of requesting accommodations and opposing discriminatory practices under the ADA.

**Defendants' Defenses to Plaintiff's Fifth Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Defendants had legitimate, non-discriminatory reasons for Denying Plaintiff's Request**. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

- **Plaintiff is not Disabled within the meaning of the ADA**: Plaintiff's pregnancy and related medical condition of pelvic pain is not a disability under the ADA.

VI. SIXTH CAUSE OF ACTION: Retaliation Under Title VII

Statute: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Claim Summary: Guerrero alleges that defendants retaliated against her by terminating her for engaging in protected activities under Title VII, including requesting accommodations under the Pregnancy Discrimination Act. Title VII makes it unlawful for employers to retaliate against employees for opposing unlawful employment practices.

**Defendants' Defenses to Plaintiff's Sixth Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Plaintiff Cannot Establish Adverse Action.** Plaintiff never sought any accommodation other than indefinite leave from work, and insisted she could not work. Plaintiff's separation from Constellation was thus her own decision.

- **Plaintiff Cannot Establish Pretext.** The undisputed evidence demonstrates that Defendants made no discriminatory comments towards Plaintiff, bore no animus towards Plaintiff, and attempted to assist Plaintiff with obtaining leave and accommodations to which Plaintiff was entitled. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

VII. SEVENTH CAUSE OF ACTION: Disability Discrimination Under New York Human
    Rights Law – Aiding and Abetting

Statute: New York State Human Rights Law, N.Y. Executive Law § 296

Claim Summary: Guerrero brings parallel state law claims alleging disability discrimination under New York law. The NYSHRL prohibits unlawful discriminatory employment practices based on disability. Defendants violated the NYSHRL by discriminating against her, not initiating an interactive process, not accommodating her disability, and terminating her employment based on her disability. Defendant Sturtz aided and abetted this conduct.

**Defendants' Defenses to Plaintiff's Seventh Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Defendants had legitimate, non-discriminatory reasons for Denying Plaintiff's Request**. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

VIII. EIGHTH CAUSE OF ACTION: Retaliation Under New York Human Rights Law

Statute: New York State Executive Law § 296(7)

Claim Summary: Guerrero alleges retaliation under state law. NYSHRL § 296(7) makes it unlawful to "retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article." Defendants retaliated against Plaintiff by terminating her for opposing discriminatory practices and requesting accommodations under New York state law.

**Defendants' Defenses to Plaintiff's Eighth Cause of Action:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Plaintiff Cannot Establish Adverse Action.** Plaintiff never sought any accommodation other than indefinite leave from work, and insisted she could not work. Plaintiff's separation from Constellation was thus her own decision.

- **Plaintiff Cannot Establish Pretext.** The undisputed evidence demonstrates that Defendants made no discriminatory comments towards Plaintiff, bore no animus towards Plaintiff, and attempted to assist Plaintiff with obtaining leave and accommodations to which Plaintiff was entitled. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a

reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

**INDIVIDUAL LIABILITY CLAIMS: Against Nicole Sturtz**

**Statutes**:

New York State Executive Law §296(6)

New York State Executive Law §296(7)

Claim Summary: Guerrero seeks to hold Nicole Sturtz individually liable for the discrimination and retaliation she faced, alleging she directly participated in the discriminatory conduct as an individual defendant. Nicole Sturtz, as an individual, aided and abetted the discrimination by carrying out the termination of Guerrero and made or assisted in making the decisions that resulted in the unlawful termination/ retaliation.

**Defendants' Defenses to Plaintiff's Claim of Individual Liability Against Defendant Nicole Sturtz:**

- **No *Prima Facie* Discrimination.** There is no evidence that Defendants terminated Plaintiff based upon her sex/pregnancy, failed to engage in an interactive process with Plaintiff, denied Plaintiff reasonable accommodations, made discriminatory comments about her, treated her worse than any other pregnant employee or treated male or non-pregnant employees more favorably. Rather, Plaintiff admits she told Defendants she had to stop working, would be out of work indefinitely, and could not say when she would return. Plaintiff therefore cannot establish an inference of discrimination.

- **Defendants had legitimate, non-discriminatory reasons for Denying Plaintiff's Request**. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable

accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

- **Plaintiff Cannot Establish Pretext.** The undisputed evidence demonstrates that Defendants made no discriminatory comments towards Plaintiff, bore no animus towards Plaintiff, and attempted to assist Plaintiff with obtaining leave and accommodations to which Plaintiff was entitled. Plaintiff concedes she requested leave for an indefinite period, and could not say when she would return. Indefinite leave is, as a matter of law, not a reasonable accommodation. Plaintiff cannot maintain her discrimination claim based on the appropriate rejection of her request.

## E. JURY OR BENCH TRIAL

**Plaintiff:** Demands trial by jury. Estimated trial length: 3 days.

**Defendants:** Defendants request a bench trial. Estimated trial length: 3 days.

## F. WITNESSES

Plaintiff's Witnesses

1. Jennifer Guerrero (Plaintiff) - Personal knowledge of employment, pregnancy complications, termination circumstances, and damages she suffered, including emotional distress.

    a) Address: 2004 Soque Circle Jefferson, GA 30549

2. Nicole Sturtz - Expected testimony regarding termination decision and company policies

3. Cesar Guerrero – (Plaintiff's husband) Personal knowledge of the pregnancy complications and emotional distress Jennifer Guerrero suffered due to the actions of the Defendants.

    a) Address: 2004 Soque Circle Jefferson, GA 30549

4. Marybeth Brennan – (Plaintiff's mother) Personal knowledge of the emotional distress Jennifer Guerrero suffered due to the actions of the Defendants.

    a) Address: 830 Eagle Mountain Drive Las Vegas, NV 89123

Defendants' Witnesses:

1. Jennifer Guerrero – Fact testimony regarding employment at Constellation, pregnancy, and the circumstances of Plaintiff Jennifer Guerrero's departure from Constellation.

    a. Address: 2004 Soque Circle Jefferson, GA 30549.

2. Nicole Sturtz – Fact testimony regarding Defendant Nicole Sturtz's work at Constellation, interactions with Plaintiff Jennifer Guerrero, and the circumstances of Plaintiff Jennifer Guerrero's departure from Constellation.

    a. 6851 Jericho Tpke Ste. 150, Syosset, New York 11791

3. Doctor Dina El Kady – Fact testimony regarding her treatment of Plaintiff Jennifer Guerrero.

    a. 8 Oceanside Road, Oceanside, New York 11572.

4. Doctor Victor R. Klein (Expert Witness) – expert testimony regarding Plaintiff's purported disability.

    a. 12 Porter Place, Sea Cliff, New York 11579.

## G. DEPOSITION TESTIMONY

Plaintiff's Designations:

- Jennifer Guerrero deposition: None

- Nicole Sturtz deposition:

| "Were you aware that Jennifer Guerrero was suffering from a high risk pregnancy?" "Yes." | Sturtz Dep: p. 95, l:19-22 | | |
|---|---|---|---|

| "She did ask for a leave?" "Yes, she did ask for a leave, yes." | Sturtz Dep: p. 94, l:8-10 | | |
| "Did you ever offer Jennifer Guerrero any accommodations for her pregnancy?" "No." | Sturtz Dep: p. 95, l:15-18 | | |

Counter-designations: none.

Defendants' Objections to Plaintiff's Deposition Designations: Defendants object to the introduction of these designations because they constitute inadmissible hearsay pursuant to Fed. R. Evid. 802, 803, and because Defendant Nicole Sturtz will be available to testify live at trial.

Defendants' Designations: See the transcripts of deposition of Jennifer Guerrero and Nicole Sturtz, attached as exhibits to this submission.

Cross-Designations: None.

Plaintiff's Objections to Defendant Deposition Designations:  Plaintiff objects to the introduction of these designations because they constitute inadmissible hearsay pursuant to Fed. R. Evid. 802, 803, and because Plaintiff Jennifer Guerrero and Defendant Nicole Sturtz will be available to testify live at trial.

## H. STIPULATIONS

The Parties' Proposed Stipulation of Undisputed Facts:

I. PROCEDURAL AND JURISDICTIONAL FACTS

1. This action was commenced by the filing of a Complaint on December 19, 2022, bearing Case Number 2:22-cv-07736 in the United States District Court for the Eastern District of New York.

2. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") bearing Charge Number 16GC10870.

3. Plaintiff received a Right to Sue letter from the EEOC dated September 21, 2022.

4. This lawsuit was filed within ninety (90) days of Plaintiff's receipt of the Right to Sue letter.

5. On or around August 27, 2021, Plaintiff filed a complaint with the New York State Division of Human Rights.

## II. PARTY IDENTIFICATION AND EMPLOYMENT FACTS

6. Plaintiff received an offer of employment from Constellation Health Services, LLC dated March 17, 2021.

7. Plaintiff began her employment with Constellation Home Care, LLC (NY) on April 12, 2021. The Parties dispute whether Plaintiff is also employed by Defendants Constellation Health Services, LLC, and Constellation Home Care, LLC (CT).

8. Plaintiff was employed by Constellation Home Care LLC (NY) to provide field nursing services primarily in Suffolk County, New York.

9. During her employment, Plaintiff was known as Jennifer Piekarski. She is now known as Jennifer Guerrero.

10. Plaintiff currently resides in Georgia.

11. During Plaintiff's employment, Defendant Nicole Sturz was the director of Human Resources and Recruitment for Constellation Home Care (NY). *See* SOF ¶ 7.

12. Defendant Sturtz is now director of Total Rewards and HR Information Systems for Constellation Health Services, LLC. *See* SOF ¶ 8.

13. During Plaintiff's employment, she resided and worked primarily in Suffolk County, New York.

14. Plaintiff's job duties at Constellation included making and documenting home care visits to Constellation's New York-based clients, either in the client's home or at health facilities. *See* SOF ¶ 10.

15. Defendants' field nurse employees are obligated to see clients in person at regular intervals. *See* SOF ¶ 11.

16. During her employment with Constellation, Plaintiff reported to Clinical Director Tasha Williams and Supervisor Robin Saltzman. *See* SOF ¶ 12.

17. Plaintiff first requested and was granted time off to enable her to attend an appointment during her employee orientation at Constellation. *See* SOF ¶ 13.

18. Plaintiff requested permission from her supervisor, Robin Saltzman, not to enter the home of a patient with shingles, which Saltzman granted. *See* SOF ¶ 14.

19. On June 17, 2021, Plaintiff informed Tasha Williams that Plaintiff was in the early stages of pregnancy and requested time off from work to have an ultrasound. *See* SOF ¶ 15.

20. Tasha Williams then forwarded Plaintiff's request to Defendant Sturtz. *See* SOF ¶ 16.

21. Plaintiff was able to attend her ultrasound appointment without an accommodation. *See* SOF ¶ 17.

22. On July 16, 2021, Plaintiff requested time off work in order to attend a medical appointment on July 23, 2021, which was granted. *See* SOF ¶ 18.

23. Defendant Sturtz permitted Plaintiff to work on July 23, 2021, from 8 am until 12 pm so Plaintiff could attend her doctor's appointment on July 23, 2021. *See* SOF ¶ 19

24. Plaintiff did not undergo amniocentesis on July 23, 2021, or at any point thereafter during her pregnancy. *See* SOF ¶ 20.

25. Plaintiff was informed during her pregnancy that Plaintiff's baby had indications of a hypoplastic nasal bone, which is indicative of Down's Syndrome. *See* SOF ¶ 21.

26. On August 17, 2021, Plaintiff requested, via e-mail, login information to review her benefits. *See* SOF ¶ 22.

27. In response to Plaintiff's August 17, 2021, e-mail request, Defendant Sturtz sent Plaintiff an explanation of how to log into the employee portal. *See* SOF ¶ 23.

28. On August 17, 2021, Constellation sent all employees a notice of policy in accordance with the New York State vaccine mandate requiring employees either to be vaccinated against COVID-19 or to seek religious and/or medical exemption from doing so. *See* SOF ¶ 25.

29. On August 17, 2021, Plaintiff requested a medical exemption form to excuse her from the COVID-19 vaccination requirement. *See* SOF ¶ 26.

30. Plaintiff submitted a medical exemption form on August 19, 2021. *See* SOF ¶ 27.

31. Plaintiff did not obtain a COVID vaccine when it was made available to her prior to becoming pregnant. *See* SOF ¶ 29.

32. Defendant Sturtz informed Plaintiff that Plaintiff's medical exemption form was deficient because it did not state specific restrictions, explain how the vaccine was detrimental to her health, and did not provide an acceptable electronic or handwritten signature of her medical provider. *See* SOF ¶ 30.

33. On August 24, 2021, Defendant Sturtz sent Plaintiff an email requesting an update with respect to Plaintiff's vaccination exemption form. *See* SOF ¶ 31.

34. On August 24, 2021, Plaintiff obtained a doctor's note on the letterhead of her obstetrician's practice, advising that she should "stop working," until the following Monday, August 30, 2021. *See* SOF ¶ 32.

35. On August 26, 2021, Plaintiff sent an email to Defendant Nicole Sturtz and Tasha Williams stating that "I need to stop working at this time," and attaching a note from Dr. El Kady indicating that Plaintiff "should be out of work indefinitely." *See* CHS00523-24.

36. Dr. El Kady's August 25, 2021, letter does not contain an electronic or handwritten signature for Dr. El Kady. *See* SOF ¶ 36.

37. Approximately eight minutes after receiving Plaintiff's email on August 26, 2021, Defendant Sturtz called Plaintiff to explain that Plaintiff had not worked long enough for Constellation to meet the eligibility requirements for FMLA. *See* SOF ¶ 37.

38. Plaintiff raised her voice during the August 26 telephone call with Defendant Sturtz, and Plaintiff stated "you are screwing me" to Defendant Sturtz. *See* SOF ¶ 42.

39. Following her conversation with Defendant Sturz, Plaintiff did not contact anyone superior to Ms. Sturtz at Constellation to discuss her employment status or an accommodation. *See* SOF ¶ 53.

40. On August 26, 2021, Defendant Sturtz sent Plaintiff a notification that she was ineligible for FMLA because she had not worked for Constellation for the minimum statutory required 12 months. *See* Kraft Declaration, Exhibit K.

41. Defendant Sturtz's August 26, 2021 cover letter, accompanying the FLMA notice, invited Plaintiff to contact her with any questions. Plaintiff did not do so. *See* SOF ¶ 59.

42. Plaintiff went to the hospital on September 2, 2021, during which time the cervical shortening was not corroborated. Following the September 2, 2021, finding of cervical shortening, Plaintiff's medical records do not disclose a shortened cervix for the duration of her pregnancy. *See* SOF ¶ 62.

43. Plaintiff did not experience further indications of cervical shortening after August. *See* SOF ¶ 63.

44. Plaintiff applied for COBRA insurance continuation. *See* SOF ¶ 65.

45. The cost of Plaintiff's COBRA was approximately $700 or $800 per month. *See* SOF ¶ 66.

46. Plaintiff took approximately $30,000 out from her retirement account to pay for COBRA coverage as well as living expenses. *See* SOF ¶ 67.

47. On or about October 8, 2021, Plaintiff submitted a physician's statement to Hartford Insurance that contained a recommendation for "conservative treatment and follow-up on October 21, and which reflected that Plaintiff could drive for limited periods. *See* SOF ¶ 69.

48. On December 6, 2021, Plaintiff gave birth by Caesarean section to a son who has Down's Syndrome. *See* SOF ¶ 71.

49. On February 2, 2022, Defendant Constellation sent Plaintiff a notice offering for Plaintiff to return to her role at Constellation as a case manager field nurse at the same rate of pay. Plaintiff did not respond to Constellation's letter. *See* SOF ¶ 72.

50. On March 9, 2022, Plaintiff was medically cleared to return to work by her obstetrician, Dr. Craig Linder, effective January 30, 2022. *See* SOF ¶ 73.

51. Plaintiff states that it was her conclusion "in her own mind" or "yes, my feeling" that Defendants had discriminated against her, stating that "I think its possible that, you know, they were angry that I – they felt like I didn't disclose it when I was hired." *See* SOF ¶ 75.

52. Plaintiff obtained a new nursing job following the birth of her child on or around March 2022. *See* SOF ¶ 76

53. In June 2022, Plaintiff and her family relocated to Las Vegas, Nevada. *See* SOF ¶ 77.

54. Defendants provided an employee handbook to Plaintiff, which Plaintiff read. *See* SOF ¶ 80.

55. The Constellation Employee Handbook provides a "maternity" policy that sates that if an employee cannot work at her position due to pregnancy, she may request a temporary transfer for a change in position. *See* SOF ¶ 81.

56. The Constellation "Maternity" policy reads as follows:

If you are pregnant and reasonably believe that continuing to work in your present position may cause injury to you or your fetus, you may request a temporary transfer to another position. Upon giving the company written notice of your pregnancy, the company will make a reasonable effort to transfer you to a suitable temporary position if one is available. *See* SOF ¶ 82.

57. The Constellation Employee Handbook also provides for a "Leave of Absence" policy for employees on the basis of "good cause" where the employee is "not eligible for other types of leave and [has] exhausted all paid time off." The policy further provides that leave is "granted at the discretion of Constellation and are based on the following: the needs of the organization at the time of the request, the reason for the leave, the individual's work performance and attendance record and prior leaves taken by the employee and the advanced notice of the leave." The leave of absence policy "may not exceed 30 days, during which time, no benefits will accrue." *See* SOF ¶ 83.

58. The Constellation employee handbook states that Constellation will make reasonable efforts to return employees subject to a "Leave of Absence" to the same job. *See* SOF ¶ 84.

59. Defendant Constellation staff shortage was due, in part, to the COVID-19 pandemic. *See* SOF ¶ 86.

## III. SUBSEQUENT EVENTS

60. Plaintiff gave birth to a child with Down's Syndrome on December 6, 2021.

61. Dr. Craig Linder provided medical treatment to Plaintiff during the relevant period.

62. Plaintiff received medical care from a high-risk pregnancy specialist, Dr. El Kady, during the relevant period.

## I. MOTIONS IN LIMINE

Plaintiff's Anticipated Motions:

1. That the documents Termination Narrative 1 and 2 should be authenticated due to their distinctive characteristics under FRE 901(b)(4) and the documents were filed on the Court's docket as Doc. 46-2 and accepted as non-hearsay under FRE 801(d)(2) as they were produced by defendants during preliminary discovery and qualify as a statement by a party opponent.

2. That any discussion of vaccines should be limited to Guerrero's hesitancy to take the new COVID vaccine while pregnant as her general beliefs about vaccines are irrelevant and prejudicial under FRE 401, 402, 403.

3. That Defendants should be precluded from offering documents or testimony that the Plaintiff was not disabled.

4. That Defendants should be precluded from offering the following exhibits:

    a. Defendants' Exhibit A – Deposition Transcript of Nicole Sturtz

    b. Defendants' Exhibit N – Expert Report of Dr. Victor R. Klein

    c. Defendants' Exhibit R – Plaintiff's Medical Records

    d. Defendants' Exhibit AF – Constellation Description of Director of Human

Resources Role

e.   Defendants' Exhibit AI – Spreadsheet of Available Roles at Constellation

f.   Defendants' Exhibit AK – Email chain between Plaintiff, N. Sturtz, and T.

Williams re: Time off request

g.   Defendants' Exhibit AL – Email from Plaintiff to N. Sturtz re: Weekend 9/4-9/5

**Defendants' Anticipated Motions:**

1.   Preclusion of the following trial exhibits offered by Plaintiff:

a.   Plaintiff's Exhibit 6 (Clawback Letter)

b.   Plaintiff's Exhibit 9 (Guerrero Declaration)

c.   Plaintiff's Exhibits 15 & 26 (deposition transcripts of Guerrero and Sturtz)

d.   Plaintiff's Exhibit 24 (Remote Job Listing)

e.   Plaintiff's Exhibit 28 & 29 (Termination Narratives 1-2)

f.   Plaintiff's Exhibit 31 (Compliment letters)

2.   Preclusion of documents or fact testimony that the COVID vaccine is dangerous to a

pregnant woman.

3.   Preclusion of testimony from any non-expert/fact witness that Plaintiff Jennifer Guerrero

was disabled.

4.   Preclusion of documents or fact testimony concerning the cause of Down's Syndrome,

the effect stress can have on a baby with Down's Syndrome, or the effect stress can have

on an expecting mother with a child diagnosed with Down's Syndrome, in the absence of

an expert witness.

5.   Preclusion of documents or fact testimony attempting to establish Plaintiff's

psychological state or analysis thereof.

6. Preclusion of documents or testimony regarding the parties' discovery disputes or assertions of privilege (*see* Plaintiff's Exhibit 6).

## J. EXHIBITS

**Plaintiff's Exhibits (By Number)**

| P's Exhibits | Description | D's objections/bases | P's response/ bases |
|---|---|---|---|
| Ex. 1 | August 17 Benefits Printout | N/A | |
| Ex. 2 | August 17 Vaccine Letter | N/A | |
| Ex. 3 | August 25 El Kady High Risk Pregnancy Letter | N/A | |
| Ex. 4 | August 26 FMLA Ineligibility Letter | N/A | |
| Ex. 5 | August 26 req for leave | N/A | |
| Ex. 6 | Clawback Letter | Defendants object pursuant to FRE 401, 402 relevance because the communication between counsel regarding privilege has no bearing on any material factual dispute in this action; FRE 403 prejudice because the probative value of the proffered evidence is substantially outweighed by undue prejudice; and FRE 802 hearsay because the email exchange constitutes out of court statements asserted for their truth. | The document is relevant as it is offered to authenticate Exhibits 28 & 29 and is probative of Defendants' knowledge of the documents authenticity. It is not offered to assert the truth of the statements contained within. |
| Ex. 7 | Competency Checklist | N/A | |
| Ex. 8 | D RFA Responses | N/A | |
| Ex. 9 | Decl. of J Guerrero | Defendants object pursuant to FRE 802 hearsay because the document contains out | Plaintiff offers the declaration as a potential exhibit in the event Guerrero is unavailable |

| | | of court statements asserted for their truth, and furthermore because the declarant/witness will be available for live testimony at trial. | to testify but anticipates that she will appear live at trial. |
|---|---|---|---|
| Ex. 10 | DHR Response by Def | N/A | |
| Ex. 11 | Earnings Statement | N/A | |
| Ex. 12 | EEOC RTS | N/A | |
| Ex. 13 | Employee Handbook | N/A | |
| Ex. 14 | Feb 8 2022 Job Offer CHC00228-29 | Defendants require clarification: the February 8, 2022 job offer is located at CHC00228-29. No objection to the February 8 letter at CHC00228-29, but please advise whether this is the exhibit Plaintiff means to proffer. | Plaintiff intends to offer the entirety of the contents of the letter and assets a simple scrivener's error led to the incorrect Bates recording. |
| Ex. 15 | Guerrero Deposition | Defendants object pursuant to FRE 802 hearsay because the document contains out of court statements asserted for their truth, and furthermore because Jennifer Guerrero will testify live at trial. | Plaintiff offers the deposition as a potential exhibit in the event Guerrero is unavailable to testify, but anticipates that she will appear live at trial. |
| Ex. 16 | JG Performance Review | Defendants object pursuant to FRE 401, 402 relevance because Plaintiff's performance is not an issue of material fact in this action. | Plaintiff maintains that the document is relevant. |
| Ex. 17 | July 16 Shift Accommodation Letter | N/A | |
| Ex. 18 | June 17 Pregnancy Letter | N/A | |

| | | | |
|---|---|---|---|
| Ex. 19 | Linder Letter | N/A | |
| Ex. 20 | Obstetrics Report | N/A | |
| Ex. 21 | October 8 2021 Return to Work Date from Doctor | N/A | |
| Ex. 22 | Original Offer Letter | N/A | |
| Ex. 23 | Payroll Change Notice | N/A | |
| Ex. 24 | Remote Job Listing | Defendants object pursuant to FRE 802 hearsay because the job posting is an out of court statement asserted for its truth; and FRE 901 authentication because the origin/author of the posting is unknown. | The document can be authenticated under FRE 901(b)(4). The document is further not offered to prove the truth of matter asserted within. |
| Ex. 25 | Sept 17 Hilb Termination Letter | N/A | |
| Ex. 26 | Sturtz Deposition | Defendants object pursuant to FRE 802 hearsay because the document contains out of court statements asserted for their truth, and furthermore because the declarant/witness Nicole Sturtz will testify live at trial. | Plaintiff may use statements of a party opponent subject to the provisions of FRCP 32. |
| Ex. 27 | Termination Letter CHS000379-80 | Defendants object pursuant to FRE 106 because the document is incomplete; the entire letter is CHS000379-80 | Plaintiff intends to offer the entire document and blames a scrivener's error for not correctly transposing the Bates' numbering |
| Ex. 28 | Termination Narrative version 1 | Defendants object pursuant to FRE 901 foundation because the author of the document is unknown; FRE 802 hearsay because the document consists of out of court statements asserted for their truth and there is no | The document can be authenticated due to its distinctive characteristics under FRE 901(b)(4), it was produced by Defendants, the document was filed on the Court's docket as Doc. 46-2 and Doc. 70- |

| | | applicable hearsay exception. | 6, and no reasonable explanation exists for the document's existence except that it was created by Defendants. The document qualifies as non-hearsay under FRE 801(d)(2) as it contains statements by a party opponent. |
|---|---|---|---|
| Ex. 29 | Termination Narrative Version 2 | Defendants object pursuant to FRE 901 foundation because the author of the document is unknown; FRE 802 hearsay because the document consists of out of court statements asserted for their truth and there is no applicable hearsay exception. | The document can be authenticated due to its distinctive characteristics under FRE 901(b)(4), it was produced by Defendants, the document was filed on the Court's docket as Doc. 46-2 and Doc. 70-7, and no reasonable explanation exists for the document's existence except that it was created by Defendants. The document qualifies as non-hearsay under FRE 801(d)(2) as it contains statements by a party opponent. |
| Ex. 30 | Vaccine Accommodation Form | N/A | |
| Ex. 31 | Compliment Letters | Defendants object based upon FRE 401, 402 relevance because the purported patient compliments have no bearing on any material factual dispute in this action; FRE 802 because the email contains double hearsay and the out of court statements | The letters are relevant as they demonstrate Guerrero's patients were so satisfied with the care they received from Guerrero that they were willing to send in messages complimenting her services. They are not offered to prove the |

| | | | |
|---|---|---|---|
| | | are proffered for their truth. | truth of assertions contained within. |
| Ex. 32 | DHR Complaint | N/A | |
| Ex. 33 | D's Interrogatory Responses | N/A | |

**Defendants' Exhibits (By Letter)**

| D's Exhibits | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Exhibit A | Deposition Transcript of Plaintiff Jennifer Guerrero | Plaintiff objects pursuant to FRE 802 hearsay because the document contains out of court statements asserted for their truth, and furthermore because the declarant/witness will be available for live testimony at trial. | Defendants prepared deposition designations in the event Plaintiff Jennifer Guerrero is unavailable to testify, but anticipates that Plaintiff Jennifer Guerrero will appear live at trial. Defendants reserve the right to introduce deposition testimony as impeachment testimony. |
| Exhibit B | Deposition Transcript of Defendant Nicole Sturtz | Plaintiff objects pursuant to FRE 802 hearsay because the document contains out of court statements asserted for their truth, and furthermore because the declarant/witness will be available for live testimony at trial. | Defendants prepared deposition designations in the event Defendant Nicole Sturtz is unavailable to testify, but anticipates that she will appear live at trial. |
| Exhibit C | Letter Offer of Employment from Constellation to Jennifer Guerrero | N/A | |

| D's Exhibits | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Exhibit D | Constellation's Description for Registered Nurse/Case Manager | N/A | |
| Exhibit E | Email from Plaintiff to T. Williams and N. Sturtz re: Tomorrow | N/A | |
| Exhibit F | Email chain between Plaintiff, N. Sturtz, and T. Williams re: Friday 7/23/21 | N/A | |
| Exhibit G | Email chain between Plaintiff and N. Sturtz re: benefits | N/A | |
| Exhibit H | Email chain between Plaintiff and N. Sturtz re: *IMPORTANT* Executive Order Mandate | N/A | |
| Exhibit I | Constellation Accommodation Form re: COVID-19 Vaccine | N/A | |
| Exhibit J | Email chain between Plaintiff and N. Sturtz re: Jennifer Piekarski - Health Exemption Request Form | N/A | |

| D's Exhibits | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Exhibit K | Letter from Dr. Craig Linder instructing Plaintiff to cease "working" until August 30, 2021 | N/A | |
| Exhibit L | Email from Plaintiff to N. Sturtz and T. Williams attaching letter from Dr. El Kady | N/A | |
| Exhibit M | Letter from Dr. El Kady instructing Plaintiff to stop working "indefinitely." | N/A | |
| Exhibit N | Dr. Victor R. Klein Expert Report | Plaintiff objects pursuant to FRE 401, 402 relevance because the Defendant has admitted that she knew the Plaintiff was suffering from a high-risk pregnancy; FRE 403 prejudice because the probative value of the proffered evidence is substantially outweighed by undue prejudice; and FRE 802 hearsay because the report constitutes out of court statements asserted for their truth. | Dr. Klein's report is relevant because it rebuts Plaintiff's assertion that she was disabled. Furthermore, the probative value of the report is not outweighed by the danger of undue prejudice. Dr. Klein will be made available at trial and will be subject to cross-examination by Plaintiff's counsel. |
| Exhibit O | Plaintiff's New York State Division of Human Rights Complaint | N/A | |

| D's Exhibits | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Exhibit P | Letter from Constellation to Plaintiff re: Family Medical Leave | N/A | |
| Exhibit Q | Letter from Hilb Group to Plaintiff re: Constellation employment | N/A | |
| Exhibit R | Plaintiff's Medical Records | N/A | |
| Exhibit S | Plaintiff's Hartford Insurance Application | N/A | |
| Exhibit T | Letter from Dr. Craig Linder advising that Plaintiff "is free to return to work without any limitations as of 1/30/22." | N/A | |
| Exhibit U | Letter from Constellation to Plaintiff re: employment | N/A | |
| Exhibit V | Executed signature page to Constellation Employee Handbook | N/A | |
| Exhibit W | Constellation Employee Handbook | N/A | |

| D's Exhibits | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Exhibit X | Email chain between Plaintiff, R. Salzman, N. Sturtz, and T. Williams re: Plaintiff's doctor's note | N/A | |
| Exhibit Y | NY Department of Labor form re: Jennifer Piekarski | N/A | |
| Exhibit Z | Attending Physician's Statement | N/A | |
| Exhibit AA | New York State Department of Labor Interview Summary of Plaintiff | N/A | |
| Exhibit AB | Letter from Constellation re: Plaintiff's unemployment insurance eligibility | N/A | |
| Exhibit AC | Decision re: withdrawal of hearing request | N/A | |
| Exhibit AD | Email from Hartford to N. Sturtz re: CLAIM INFORMATION: PIEKARSKI, J. – Claim # 30573616 | N/A | |
| Exhibit AE | Letter from N. Sturtz to Constellation file re: employment offer to Plaintiff | N/A | |

| D's Exhibits | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Exhibit AF | Constellation description of Director, Total Rewards & HRIS role | Plaintiff objects pursuant to FRE 401, 402 relevance because the description is dated as revised after the events in this lawsuit. | Exhibit AF is relevant to establishing Defendant Nicole Sturtz's present job duties and responsibilities |
| Exhibit AG | Constellation description of Director of Human Resources role | N/A | |
| Exhibit AH | Email chain between Plaintiff and N. Sturtz re: Plaintiff's request for time off | N/A | |
| Exhibit AI | Spreadsheet of available roles at Constellation | Plaintiff objects pursuant to FRE 901 foundation because the author of the document is unknown; FRE 802 hearsay because the document consists of out of court statements asserted for their truth and there is no applicable hearsay exception. | The exhibit should not be excluded as hearsay because it meets the business records exception, FRE 803(6). Defendants will authenticate the proffered exhibit pursuant FRE 803(6) and 902(11). |
| Exhibit AJ | Status of Plaintiff's employment with Constellation | N/A | |

| D's Exhibits | Description | P's objections/bases | D's response/ bases |
|---|---|---|---|
| Exhibit AK | Email chain between Plaintiff, N. Sturtz, and T. Williams re: Time off request | Plaintiff objects pursuant to FRE 401, 402 relevance because Plaintiff's requests for time-off do not bear on the substance of the lawsuit. | Evidence of Plaintiff's requests for accommodation and time off, and Defendants' responses to those requests for information and assistance, are relevant to Plaintiff's claims regarding discrimination and failure to accommodate. |
| Exhibit AL | Email from Plaintiff to N. Sturtz re: Weekend 9/4-9/5 | Plaintiff objects pursuant to FRE 401, 402 relevance because Plaintiff's requests for time-off do not bear on the substance of the lawsuit. | Evidence of Plaintiff's requests for accommodation and time off, and Defendants' responses to those requests for information and assistance, are relevant to Plaintiff's claims regarding discrimination and failure to accommodate. |
| Exhibit AM | Email from Plaintiff to R. Salzman, N. Sturtz, and T. Williams re: doctor's note | N/A | |
| Exhibit AN | Email chain between Plaintiff and N. Sturtz re: Jennifer Piekarski – Health Exemption Request Form | N/A | |