UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JENNIFER GUERRERO,

                Plaintiff,

          -against-

CONSTELLATION HEALTH SERVICES, LLC,
CONSTELLATION HOME CARE, LLC (NY), and
NICOLE STURTZ,

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-7736 (OEM) (LGD)

ORELIA E. MERCHANT, United States District Judge:

Before the Court is Plaintiff Jennifer Guerrero's ("Plaintiff") motion for reconsideration of the April 21, 2026, Memorandum and Order ("Order") that granted in part and denied in part each party's motion for post-trial relief.[1]   In the Order, the Court, *inter alia*: (1) granted Plaintiff's motion to amend the judgment in her favor as to her New York State Human Rights Law ("NYSHRL") disability discrimination claim; (2) denied Plaintiff's motion for a new trial on emotional distress damages; (3) denied Defendants'[2] motion for judgment as a matter of law as to all claims in which Plaintiff prevailed; and (4) granted Defendant's motion for remittitur of the jury's award of backpay and punitive damages.  *See generally* Order.

In her Motion, Plaintiff asks the Court to reconsider the Order, asserting that: (1) the Court erred when including the NYSHRL punitive damages award in its remittitur analysis under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); (2) the Court erred in its reprehensibility

---

[1] *See* Plaintiff's Memorandum of Law in Support of Her Motion for Reconsideration of Court's April 21, 2026 Decision, Dkt. 134-1 ("Motion" or "Mot."); Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration, Dkt. 136 ("Opposition" or "Opp'n").

[2] Defendants Constellation Health Services, LLC; Constellation Home Care, LLC (NY); and Nicole Sturtz are collectively referred to herein as "Defendants."

analysis under *Gore*; (3) the Court erred in its ratio analysis under *Gore*; and (4) the Court erred in denying a new trial on emotional distress damages. *See* Mot. at 2-10. For the following reasons, Plaintiff's Motion is denied.

The Court assumes the parties' familiarity procedural history and trial record in this case.

## LEGAL STANDARD

A party seeking reconsideration must meet a "strict" standard. *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). To succeed, a movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration is an extraordinary remedy. It is not an opportunity to relitigate old arguments or raise new arguments that could have been made prior to the challenged order. *See Virgin Atl. Airways*, 956 F.2d at 1255 ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964))). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

## DISCUSSION

### A. The Court's Inclusion of the NYSHRL Punitive Award

First, the Court included Plaintiff's $200,000 NYSHRL punitive award when calculating the ratio of punitive to compensatory damages under *Gore* in the Order. Order at 26. Plaintiff argues that the Court erred in doing so given that Defendants expressly elected to exclude the

2

NYSHRL punitive award from its motion for remitter.  Mot. at 2; *see* Memorandum of Law in Support of Defendants' Motion for Judgment as a Matter of Law, or Remittitur of the Damages Award at 7 n.2, Dkt. 121-1 ("Defs.' Post-Trial Mot.").  This error, according to Plaintiff, was prejudicial in that she only addressed the federal punitive awards when briefing the post-trial motions.  Mot. at 2.  Defendants contend that "Plaintiff cannot credibly claim surprise or lack of notice that the Court addressed proportionality that included the NYSHRL punitive award."  Opp'n at 3.

To the extent Plaintiff seeks reinstatement of the $200,000 NYSHRL punitive award, such relief is unwarranted.  Defendants did not challenge the NYHRSL punitive award in their post-trial motion, *see* Defs.' Post-Trial Mot. at 7 n.2; Opp'n at 3 ("Defendants' post-trial brief expressly excluded the NYSHRL punitive award from its motion for remittitur."), and the Court clarifies that the Order did not remit the NYHRSL punitive award.  The Order only remitted the federal punitive damages challenged by Defendants.  *See* Order at 28-29.  Thus, the jury's $200,000 NYSHRL punitive award remains in place.

To the extent Plaintiff challenges the Court's consideration of the NYSHRL punitive award when conducting the ratio analysis under *Gore*, Plaintiff cites no rule or controlling case authority overlooked by the Court that would support the exclusion of the NYSHRL punitive award from the analysis.  *See* Mot. at 2-3.  Nevertheless, a narrower ratio analysis under *Gore* does not change the Court's ruling.  If, as Plaintiff asserts, the correct ratio is 7.2:1 based upon the $270,000 federal punitive award and the $37,500 compensatory award, that ratio nonetheless supports finding the punitive award excessive.  *See State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 425 (2003) ("[A]n award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety."); *Payne v. Jones*, 711 F.3d 85, 102 (2d Cir. 2013) (holding that

a 5:1 ratio of $300,000 in punitive damages to $60,000 in compensatory damages supported a finding excessiveness); *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 149 (2d Cir. 2011) (holding that a 5.7:1 ratio weighed "heavily in favor of a punitive award equal to or less than the remitted compensatory damages award"). Moreover, the ratio analysis under *Gore* is not conducted in a vacuum. Whether a punitive award is excessive is determined under the totality of the *Gore* factors, *see Payne*, 711 F.3d at 106, and, as outlined in the Order and further discussed below, all the factors support finding the federal punitive award excessive, *see* Order at 24-28.

Accordingly, Plaintiff's Motion is denied to the extent it seeks reinstatement of the $200,000 NYSHRL punitive award, and it is also denied to the extent it asks the Court to reconsider the ratio analysis under *Gore*.

**B. The Court's *Gore* Reprehensibility Analysis**

Second, the Court concluded in the Order that the reprehensibility inquiry under *Gore* favored a reduction in the punitive award. Order at 25. This finding was predicated on a lack of record evidence showing violence or threats of violence against Plaintiff, as well as a lack of record evidence suggesting that Defendants' conduct was deceitful. *Id.*; *see Stampf v. Long Island R.R.*, 761 F.3d 192, 197 (2d Cir. 2014) ("Conduct that involves deceit or malice is more reprehensible than conduct involving mere negligence. . . . Likewise, conduct that could cause serious physical or emotional injury is more reprehensible than conduct that risks only minor injuries or economic damages."). Plaintiff now argues that several matters in the record contradict the Court's conclusions regarding a lack of reprehensibility. Mot. at 3-5. Defendants contend that Plaintiff mischaracterizes what qualifies at deceitful conduct and that the Court properly rejected Plaintiff's deficient evidence of physical and emotional injury. Opp'n at 4-8.

Reconsideration of the Court's reprehensibility analysis is not warranted. As an initial matter, Plaintiff already litigated this issue in post-trial briefing, and many of the arguments she raises could have, and should have, been raised in such briefing. *See Virgin Atl. Airways*, 956 F.2d at 1255.

Regardless, Plaintiff's arguments are substantively unavailing. As for deceit, Plaintiff contends that the Court's denial of Defendants' motion for judgment as a matter of law as to punitive liability supports a finding that Defendants acted with reprehensible deceit. Mot. at 3-4. However, a sufficiency ruling on punitive damages is not the same as finding that a defendant's conduct was highly reprehensible for the purpose of determining the constitutionality of a punitive award. *See Gore*, 517 U.S. at 580 ("That conduct is sufficiently reprehensible to give rise to tort liability, and even a modest award of exemplary damages does not establish the high degree of culpability that warrants a substantial punitive damages award."). Plaintiff further contends that Defendants' February 2022 reemployment offer, Defendants' verified response to Plaintiff's Division of Human Rights Complaint, and Defendants' March 2024 unauthorized request for Plaintiff's medical records all support a finding of reprehensibility. Mot. at 4-5. But, each of these events occurred after Plaintiff's discriminatory termination, and any argument that these events show deceit related to the discriminatory termination is tenuous. If anything, Plaintiff's arguments reflect disputed credibility issues, not overlooked facts compelling a different result under *Gore*. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (noting that a motion for reconsideration is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'").

As for physical and emotional injuries that may support a finding of reprehensibility, Plaintiff argues that the Court overlooked Plaintiff's "[s]tress induced contractions during a high-

5

risk pregnancy, hyperventilation requiring physical intervention, post-termination withdrawal severe enough that Plaintiff's husband restructured the household, and emotional consequences extending more than four years." Mot. at 5. However, the Court considered this evidence and nevertheless found no reprehensibility given the lack of violence, threats of violence, deceit, and repeated instances of misconduct by Defendants. Order at 25.

Plaintiff additionally argues that the reprehensibility evidence also warrants reconsideration of the third *Gore* factor, the comparability inquiry. This argument is also unavailing. The Court's Order considered multiple comparable discrimination cases in which courts reduced substantial punitive awards. *See* Order at 27-28. Plaintiff does not identify any comparable cases to rebut the Court's finding that a reduction is warranted. *See* Mot. at 6.

Accordingly, Plaintiff's Motion as to the *Gore* reprehensibility inquiry is denied.

### C. The Court's Use of the Remitted Back Pay Award in the *Gore* Ratio Analysis

Third, when conducting the ratio analysis under *Gore*, the Court calculated the compensatory award using the $7,500 remitted back pay figure. Order at 26. Plaintiff argues that it was improper for the Court to use the remitted back pay figured because "[a] provisional remittitur figure that the Plaintiff has rejected and that the new jury will redetermine is neither actual nor potential harm, it is the Court's calculation, displaced by the election of a new trial." Mot at 6-7. Defendants contend that "Plaintiff proposes and unworkable standard and mischaracterizes well established legal precedent." Opp'n at 9.

The Court agrees that Plaintiff proposes an unworkable standard, and it is unclear what relief Plaintiff is seeking in making this argument. Plaintiff conceded that the $420,000 back pay amount exceeded what the evidence supported at trial. Order at 10-11 (citing Plaintiff's Memorandum of Law in Support of Post-Trial Motions Under Fed. R. Civ. P. 50 and 50 at 12,

6

Dkt. 122-1). Plaintiff also already rejected the remitted backpay award in favor of a new trial. *See* Plaintiff's Demand for a New Trial Pursuant to the Court's April 21, 2026 Order, Dkt. 132. Moreover, Plaintiff cannot challenge due-process review of the punitive award by speculating that a future jury might grant a higher amount.

Accordingly, reconsideration of the Court's use of the remitted backpay award in the *Gore* ratio analysis is denied.

**D. The Court's Denial of a New Trial on Emotional Distress Damages**

Finally, the Court denied Plaintiff's motion for a new trial on emotional distress damages, partially on the grounds that Plaintiff did not provide medical corroboration for her emotional injuries. Order at 9-10. In doing so, the Court upheld the jury's $30,000 emotional distress award as consistent with "garden variety" emotional distress. *Id.*; *see Quinby v. WestLB AG*, 04 Civ. 7406(WHP), 2008 WL 3826695, at *3 (S.D.N.Y. Aug. 15, 2008) ("'Garden variety' emotional distress claims lacking extraordinary circumstances and without medical corroboration, generally merit $30,000 to $125,000 awards."). On reconsideration, Plaintiff argues that "Plaintiff's evidence does not fit the garden-variety description." Mot. at 7. Defendants contend that the Court correctly denied Plaintiff a new trial on emotional distress damages. Opp'n at 9-11.

As an initial matter, Plaintiff previously argued that her record of emotional distress warranted more than garden variety damages. *See* Order at 9. Her repurposed arguments on reconsideration are improper. *See Virgin Atl. Airways*, 956 F.2d at 1255.

Substantively, Plaintiff's arguments fare no better. Plaintiff's contention the Court improperly denied her motion for a new trial based on the absence of medical corroboration ignores the Court's recognition that record was also devoid of extraordinary circumstances or a pattern of abuse by Defendants. *See* Order at 9. Further, the authorities Plaintiff cites in support of her

position are distinguishable.  Plaintiff argues that the Second Circuit in *Patterson v. Balsamico*, 440 F.3d 104, 120 (2d Cir. 2006), affirmed a $100,000 emotional distress award "on plaintiff's testimony alone, without medical evidence."  Mot. at 8.  However, *Patterson* contained an extraordinary record of abuse by the defendants, distinct from the record here.  *See Patterson*, 440 F.3d at 109 (discussing how the plaintiff was assaulted, sprayed with mace, covered with shaving cream, and taunted with racial slurs).  Plaintiff also relies *on Meacham v. Knolls Atomic Power Laboratory*, 381 F.3d 56 (2d Cir. 2004), noting that "the court affirmed $125,000 awards on testimony of shock, nightmares, sleeplessness, and humiliation — and expressly rejected defendants' argument that those awards should have been reduced to between $5,000 and $30,000."  Mot. at 8-9.  However, the *Meacham* trial court reduced emotional distress damages to $125,000 given the lack of evidence showing medical treatment or physical sequalae.  *Meacham,* 381 F.3d at 68.  No such reduction of Plaintiff's emotional distress damages was granted in the instant action, as the Court chose to honor the jury's award as consistent with "garden variety" damages.  *See Quinby*, 2008 WL 3826695, at *3.

Moreover, Plaintiff fails to demonstrate that the jury's award of $30,000 in emotional distress damages meets the high standard of seriously erroneous or a miscarriage of justice.  "The Second Circuit has instructed district courts to 'abstain from interfering with [a jury] verdict unless it is quite clear that the jury has reached a seriously erroneous result' that would result in 'a miscarriage of justice.'" *Fioto v. Manhattan Woods Golf Enters., LLC.*, 304 F. Supp. 2d 541, 545-46 (S.D.N.Y. 2004) (quoting *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978)); *see also Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 F. App'x 704, 709 (2d Cir. 2021) (holding that granting new trial "is warranted 'only if the verdict is (1) seriously erroneous or (2) a miscarriage

8

of justice'" (quoting *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014))).

Accordingly, reconsideration of the Court's denial of a new trial on emotional distress damages is not warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is denied.

SO ORDERED.

/s/_____

ORELIA E. MERCHANT
United States District Judge

May 22, 2026
Brooklyn, New York

9